**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alicia VELORIA, Defendant–Appellant.**

**No. 03–10626.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2005.*

Decided Dec. 7, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Thomas J. Brady, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Shawn A. Luiz, Esq., Law Offices, Honolulu, HI, for Defendant–Appellant.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Alicia Veloria, who was found guilty of possession with intent to distribute in excess of five grams of cocaine base under 21 U.S.C. § 841(a)(1), appeals both her conviction and sentence. We conclude that Veloria is entitled to a limited remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), but we affirm her conviction in all respects.

■ Veloria's juror misconduct claim is foreclosed by her attorney's express consent to the district court's handling of the situation. *United States v. McFarland*, 34 F.3d 1508, 1512 (9th Cir.1994) (the doctrine of invited error applies where the "trial court announces its intention to embark on a specific course of action and defense counsel specifically approves of that course of action"). Even if Veloria had objected to the district court's handling of this matter, her claim would still fail because the "alleged misconduct was thoroughly investigated by the district court, and its effect cured by ensuring that

[the threatened juror] no longer felt intimidated." *United States v. Smith*, 424 F.3d 992, 1014 (9th Cir.2005).

■ Veloria's evidentiary challenges are also unavailing. She disputes two of the court's evidentiary rulings. First, she argues that she received inadequate pretrial notice about the testimony of two witnesses. *See* Fed.R.Evid. 404(b). But the district court properly admitted this testimony, because Veloria's counsel had access to the underlying evidence long before trial. *See United States v. Erickson*, 75 F.3d 470, 478 (9th Cir.1996). Moreover, even if these witnesses' testimony should not have been admitted, any such error was harmless. Their testimony was limited and vague, especially when contrasted with the extensive testimony that the jury heard regarding the police search of Veloria's house.

■ Second, Veloria contends that the district court abused its discretion by admitting a letter without proper authentication. But the government properly authenticated the letter several different ways, including through the testimony of a "witness with knowledge." Fed.R.Evid. 901(b)(1); *United States v. Workinger*, 90 F.3d 1409, 1415 (9th Cir.1996). There was no abuse of discretion.

■ Veloria's sentence was imposed by the district court prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 749–50, 160 L.Ed.2d 621 (2005). In light of *Booker*, we remand the sentence to the district court "to answer the question whether [Veloria's] sentence would have been different had the court known that the Guidelines were advisory." *Ameline*, 409 F.3d at 1079.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

CONVICTION AFFIRMED; SENTENCE REMANDED.